UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                 Plaintiff,

v.                                            Case No. 18-CR-20675
                                            Honorable Thomas L. Ludington

ISAAC ISIAH BARNES,

                 Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RELEVANT CONDUCT**

On March 6, 2019, Defendant Isaac Isiah Barnes pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 15. At the time of sentencing, Defendant was in state custody for violating the terms of his parole. He was sentenced to 36 months imprisonment consecutive to his state term of imprisonment. ECF No. 25. Defendant did not appeal his conviction.

On January 25, 2021, Defendant filed a pro se motion entitled "Motion for Relevant Conduct § 5G1.3." ECF No. 31. In his Motion, Defendant seems to argue that this Court should have awarded him credit for time-served and imposed a concurrent rather than consecutive sentence. *Id.* at PageID.161–62. Defendant does not cite any court rule or statute authorizing him to bring the Motion.

The Government was directed to respond to Defendant's Motion and did so on February 17, 2021. ECF Nos. 32, 33. Defendant has not filed a reply brief. For the reasons set forth below, Defendant's Motion for Relevant Conduct will be denied.

**I.**

As noted in the Government's Response, Defendant has not clearly articulated the form of relief that he seeks in his Motion. Consistent with the duty to construe pro se filings liberally, *Estelle v. Gamble*, 429 U.S. 97 (1976), this Court will address the two arguments plausibly raised in the Motion.

**A.**

Defendant first states that the Court "never consider[ed] [] the time spent [sic] in state custody up until the federal sentencing hearing." ECF No. 31 at PageID.161. Insofar as Defendant seeks credit for time-served in state custody, his Motion will be denied.

Title 18 section 3585 provides,

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis omitted). According to his Presentence Investigation Report ("PSR"), prior to being sentenced in this case, Defendant was in state custody for a state parole violation. Even if Defendant's time in state custody can be credited against his federal sentence, the Supreme Court has held that the Attorney General is responsible for crediting time-served, not the district court:

> We do not accept Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing. Section 3585(b) indicates that a defendant may receive credit against a sentence that "was imposed." It also specifies that the amount of the credit depends on the time that the defendant "has spent" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present

- 2 -

perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

[…]

We agree with the United States that the Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568.

*United States v. Wilson*, 503 U.S. 329, 334–35 (1992) (internal citations omitted); *see also United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) ("[T]he Supreme Court held that a district court does not have jurisdiction to apply credit against a sentence under section 3585(b). Rather, the Attorney General, through the Bureau of Prisons, is to make that determination.").

Therefore, to the extent that Defendant asks this Court to grant him credit for time-served in state custody, his Motion must be denied.

**B.**

Defendant next appears to argue that this Court should have imposed a concurrent rather than consecutive sentence. ECF No. 31 at PageID.161–63. Defendant cites *United States v. Johnson*, 553 F.3d 990 (6th Cir. 2009), where the Sixth Circuit reversed a sentence because, *inter alia*, the district court did not adequately consider the Guideline Commentary when imposing a consecutive sentence. To the extent that Defendant seeks to be resentenced to a concurrent term of imprisonment, his Motion will be denied.

When a defendant is "subject to an undischarged term of imprisonment," the sentencing court may impose a sentence consecutive or concurrent to the undischarged term. 18 U.S.C. § 3584(a). In deciding whether to impose a consecutive or concurrent term, the court "shall consider" the factors set forth in § 3553(a). *Id.* § 3584(b). Accordingly, the sentencing court must consider the Guidelines and "any pertinent policy statement." *Id.* §§ 3553(a)(4)–(5).

As illustrated below, the Guidelines provide different instructions according to the circumstances of the undischarged term:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

   (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

   (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

(d) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

USSG § 5G1.3. Defendant seems to suggest that this Court should have imposed a concurrent sentence consistent with subsection (b). *See* ECF No. 31 at PageID.161–62. However, subsection (b) only applies in cases where the "term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction." USSG § 5G1.3(b). The state offense for which Defendant was convicted in 2012 and later paroled—attempting to deliver or manufacture a controlled substance—was not "relevant conduct" to his federal offense of being a felon in

- 4 -

possession of a firearm. *See id.* § 1B1.3(a) (defining "relevant conduct" in part as "all acts and omissions committed . . . during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"). Rather, Defendant's sentence was imposed pursuant to subsection (d), which states that the sentence "may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment." § 5G1.3(d); *see also id.* § 5G1.3, comment. (n.4) ("Subsection (d) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked.").

Regarding the application of subsection (d), the Commentary identifies five factors that should be considered:

(i)     The factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii)    The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii)   The time served on the undischarged sentence and the time likely to be served before release;

(iv)    The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v)     Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

USSG § 5G1.3, comment. (n.4). To the extent that Defendant relies on *Johnson*, *supra*, to argue that the Commentary factors were not considered at his sentencing, his reliance is misplaced.

In *Johnson*, the defendant argued that the district court had abused its discretion by ordering him to serve his federal sentence consecutive to his undischarged state sentence without

- 5 -

considering the appropriate factors. *Johnson*, 553 F.3d at 996. At sentencing, the district court had merely "recogniz[ed] [its] discretion to order a concurrent or consecutive sentence" as well as the § 3553 factors. *Id.* at 997–98. The Sixth Circuit remanded the case with instructions that the district court "show that it has adequately considered § 5G1.3(c) and the relevant commentary in determining whether [the defendant's] federal sentence should run consecutive to his undischarged state sentence."[1] *Id.* at 998. As the court explained,

> A sentencing court does not abuse its discretion when it makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense. However, this is not unfettered discretion, and the record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence.

*Id.* (internal quotation marks and citations omitted). In this case, the propriety of concurrent versus consecutive sentencing was initially addressed by the Probation Department in the PSR. The PSR correctly noted that the decision to impose a concurrent or consecutive sentence was committed to the discretion of this Court and that, given the facts of this case, the commentary would recommend a consecutive sentence. *See* USSG § 5G1.3, comment. (n.4) ("[I]n cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense[,] . . . the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.").

At sentencing, this Court expressly acknowledged its review of the PSR and the lack of any objections thereto. ECF No. 26 at PageID.103. Later in the hearing, after considering counsels' arguments and Defendant's allocution, this Court directly addressed Defendant's individual circumstances, including his personal background and criminal history. *Id.* at PageID.110–12.

---

[1] Before Guideline Amendment 787 came into effect in 2014, subsection (d) was designated as subsection (c). *See* USSG App. C. amend. 787.

Only then was Defendant sentenced to 36 months imprisonment "to be served consecutive to his state sentence for the parole violation." *Id.* at PageID.112.

Defendant claims that this Court "never directly acknowledged § 5G1.3," ECF No. 31 at PageID.162, but since *Johnson* was decided, the Sixth Circuit has repeatedly held that there need only be some evidence in the record that the sentencing court considered § 5G1.3 when imposing the consecutive sentence, *see, e.g.*, *United States v. Hall*, 632 F.3d 331, 335–36 (6th Cir. 2011) ("Hall argues that the district court failed to sufficiently reference § 5G1.3 . . . But a sentencing court need not do so if there is some other evidence in the record that it considered the section."); *United States v. Massey*, 758 F. App'x 455, 468 (6th Cir. 2018) (affirming consecutive sentence where sentencing court "reference[d] [] the PSR, § 3553(a), the nature of the offense, Massey's criminal record, and the type of sentence that could be imposed"); *United States v. Villa*, 711 F. App'x 300, 306 (6th Cir. 2017) (affirming consecutive sentence where sentencing court "clearly incorporated the § 3553(a) factors in imposing [the consecutive] sentence"); *United States v. Young*, 427 F. App'x 492, 496 (6th Cir. 2011) (affirming consecutive sentence where sentencing court "reviewed the circumstances of the offense, discussed Young's background and criminal history, and also carefully considered testimony about Young's alcohol abuse given by an expert witness presented by the defense").

The record here demonstrates that the appropriate factors were considered before Defendant was sentenced to a consecutive term of imprisonment. Accordingly, insofar as Defendant argues that § 5G1.3 was not properly considered at sentencing, his Motion will be denied.

## II.

In its Order Directing the Government to Respond, this Court noted the lack of any apparent authority for Defendant's Motion, stating that Defendant "may be attempting to obtain post-conviction relief under 28 U.S.C. §§ 2241 or 2255." ECF No. 32 at PageID.166. In its response, the Government correctly notes that before recharacterizing Defendant's Motion as being brought under § 2255, this Court must notify Defendant of its intent to do so. ECF No. 33 at PageID.174 (citing *Castro v. United States*, 540 U.S. 375 (2003)).

However, no such notice is necessary here because there is insufficient reason to recharacterize Defendant's Motion. As the Sixth Circuit has explained,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (alteration original). Here, Defendant has not agreed to recharacterize the Motion, and the "nature of the relief sought" would not support recharacterization. Indeed, the Motion is entitled "Motion for Relevant Conduct § 5G1.3" and principally seeks credit for time-served while in state custody.[2] Accordingly, this Court declines to recharacterize Defendant's Motion as a motion for relief under § 2255.

---

[2] Defendant cites § 2255 only once while seemingly arguing that his trial counsel did not effectively pursue the issue of credit for time-served at sentencing. *See* ECF No. 31 at PageID.163.

**III.**

Accordingly, it is **ORDERED** that Defendant's Motion for Relevant Conduct, ECF No. 31, is **DENIED**.


Dated: April 12, 2021                                            s/Thomas L. Ludington
                                                                        THOMAS L. LUDINGTON
                                                                        United States District Judge